MASANZ, Administrator *de bonis non,* Respondent, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.*

*December 1—December 30, 1949.*

* Motion for rehearing denied, with $25 costs, on March 7, 1950.

For the appellant there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* and *Walter H. Piehler* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

For the respondent there was a brief by *Gorman & Gorman* of Wausau, and oral argument by *E. P. Gorman.*

BROWN, J. Appellant submits that there was no evidence to go to the jury on the question of negligence and that Masanz assumed the risk of such negligence as there may have been.

Counsel for plaintiff contends that he is not seeking recovery on the principle of *res ipsa loquitur* but his oral argument and his brief, in spite of the disclaimer, show dependence upon it. He quotes at length from *Dunham v. Wisconsin Gas & Electric Co.* (1938), 228 Wis. 250, 280 N. W. 291, which was expressly decided upon that principle. This court has not applied *res ipsa loquitur* to automobile cases, recognizing that it is a principle easily abused and difficult to control, and it is not necessary to rely on it here because there is evidence sufficient to take the question of negligence to the jury. The "skid marks" or marks of dragging wheels show that Gorman was aware that the road ended but was not properly correlating his speed and his brakes. That testimony bears directly on the management and control of the automobile and removes the cause of the

.accident from the realm of mere speculation. It is at least as strong as the testimony in *Sullivan v. Minneapolis, St. P. & S. S. M. R. Co.* (1918), 167 Wis. 518, 167 N. W. 311, which was held sufficient to support a jury's findings that a fall from a car had occurred, which caused an injury, which injury resulted in death.

Respecting defendant's argument that Masanz must be held to have assumed the risk of Gorman's negligence, whatever that might be, we consider that the skid marks are not of a length or character to establish, as a matter of law, that the negligence was of such duration that Masanz was bound either to observe it and act for his own protection or to assume the risk thereof.

We hold, therefore, that the verdict is supported by the evidence and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.